UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  WADE T. VERGES                                CIVIL ACTION

                                                      No. 07-0960

                                                      SECTION:  I/3

ORDER AND REASONS

Before the Court a motion for leave to appeal filed by debtor, Wade T. Verges.  On January 4, 2007, debtor filed his motion for summary judgment in the bankruptcy court and objected to several proofs of claims filed by claimants.  On January 29, 2007, after considering briefing by both sides and hearing oral argument on the matter, Bankruptcy Judge Jerry A. Brown denied debtor's motion.[1]  Debtor now seeks leave to appeal this interlocutory order.

28 U.S.C. § 158 permits district courts to grant parties leave to appeal the interlocutory orders of bankruptcy judges. While this statute does not include a standard for a court to use in determining whether leave to appeal should be granted,

> the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders.  *Id.*; *see also In re Neshaminy Office Bldg. Assoc.*, 81 Bankr. 301, 302-03 (E.D. Pa. 1987); *In re Hunt Int'l Res. Corp.*, 57 Bankr. 371, 372 (N.D. Tex. 1985).  This standard consists of three elements:  (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation.  *Neshaminy*, 81 Bankr. at 303.

*In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).  "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion."

---

[1] *See* Rec. Doc. No. 1-3.

*Stumpf v. McGee (In re O'Conner)*, 258 F.3d 392, 399-400 (5th Cir. 2001), *quoted in In re Dennis*, No. 01-3048, 2002 U.S. Dist. LEXIS 870, at * 7 (E.D. La. Jan 7, 2002) (Porteous, J.).

Debtor's motion does not address the elements governing this court's discretion to grant his motion for leave to appeal as summarized by *In re Ichinose*. The Court does not independently find that the questions presented by debtor's appeal raise substantial grounds for difference of opinion. Moreover, this appeal would not materially advance the ultimate termination of the litigation. Trial on the contested claims is currently set for April 23-24, 2007.[2] Considering the fast approaching trial date and debtor's ability, once the trial is completed, to renew these arguments on appeal after a final decision by the bankruptcy judge, the Court does not see how this appeal would contribute to the ultimate and efficient termination of the litigation.

Accordingly,

**IT IS ORDERED** that the motion for leave to appeal filed by debtor, Wade T. Verges,[3] is **DENIED**.

New Orleans, Louisiana, March   26th  , 2007.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[2] Rec. Doc. No. 4, p. 1.

[3] Rec. Doc. No. 1.